UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CATHARINE RAUSCHER | : | |
| 170 Pheasant Field Lane | : | CIVIL ACTION |
| Moorestown, NJ 08057 | : | |
|     Plaintiff, | : | NO.: |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY d/b/a UNUM | : | |
| 2211 Congress Street | : | |
| Portland, ME 04122 | : | |
|     Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff, Catharine Rauscher, hereby brings a civil action against Defendant, Provident Life and Accident Insurance Company, d/b/a Unum, based on the following:

## The Parties

1. Plaintiff, Catharine Rauscher (Rauscher), an adult individual, is a citizen of the State of New Jersey, who presently resides at 170 Pheasant Field Lane, Moorestown, NJ 08057.

2. Defendant, Provident Life and Accident Insurance Company, d/b/a Unum (Provident), is upon information and belief an insurance company licensed to do business in the State of New Jersey. Upon information and belief, Provident's principal mailing address for purposes of effectuating service of process is 2211 Congress Street, Portland, ME 04122.

3. At all times material hereto prior to Plaintiff's disability, she was employed by Black Rock, and pursuant to Plaintiff's employment with Black Rock, she was eligible to receive long term disability benefits pursuant to the Black Rock-sponsored Group Long Term Disability Plan ("The Plan").

4. This Court has jurisdiction pursuant to the Employment Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. §1132(a).

5. Venue is proper in this matter pursuant to Title 28, United States Code, Section 1391(a), in that at all times material hereto, the Plaintiff was eligible for benefits pursuant to The Plan, and Plaintiff was employed within the State of New Jersey.

6. At all times material hereto, Defendant Provident acted by and through its agents, servants, and employees who acted within the scope of their authority from Defendant.

## THE FACTS
## PLAINTIFF'S LONG TERM DISABILITY PLAN

7. The allegations in paragraphs 1 through 6 are incorporated herein by reference as if fully set forth herein.

8. Plaintiff was continuously employed as a Director, Senior Analyst, for Black Rock through March 29, 2018.

9. At all material times hereto, Plaintiff has been eligible for benefits under Black Rock's Group Long Term Disability Plan. The Plan provides for payment of a maximum of $15,000.00 per month in the event of disability. After offsets totaling $3,004.00 per month as a result of her SSDI award, Plaintiff's net monthly benefit amount is $11,996.00.

10. Upon information and belief, the Policy provides in pertinent part as follows:

**Total Disability or Totally Disabled** means that because of Injuries or Sickness:

1. You are not able to perform the material and substantial duties of Your Occupation; and

2. You are not engaged in Any Occupation; and

3. You are receiving Physician's Care...

**Your Occupation** means the occupation or occupations in which You are regularly engaged at the time Your become Disabled.

11. Said policy qualifies as an employee benefit plan under ERISA.

12. As set forth in greater detail below, at all material times hereto, since March 29, 2018, Plaintiff has suffered from severe residual affects secondary to, in part, sarcoidosis and multiple sclerosis.

### DEFENDANT'S ARBITRARY AND CAPRICIOUS TERMINATION AND DENIAL OF PLAINTIFF'S LONG TERM DISABILITY BENEFITS

13. The allegations in paragraphs 1 through 12 are incorporated herein by reference as if fully set forth herein.

14. As set forth in greater detail below, at all material times hereto, since March 29, 2018, Plaintiff has suffered from severe residual effects secondary to her conditions.

15. On or about November 13, 2020, Defendant denied Plaintiff's claim for LTD benefits.

16. On or about May 7, 2021, Plaintiff filed an appeal of Defendant's denial of benefits.

17. On or about September 10, 2021, Defendant issued a final decision, denying benefits from November 19, 2020, forward.

18. Defendant arbitrarily and capriciously denied Plaintiff's claim for LTD benefits.

19. In accordance with the terms of the Policy, Rauscher is eligible to receive monthly disability benefits until the earliest of the following dates: (1) August 5, 2025; or (2) the date upon which she fails to cooperate with the Defendant in the administration of the claim.

20. Because the Defendant was to have provided this employee benefit plan which is covered by ERISA, the Defendant is obligated to abide by the terms and conditions as stated in its own policy of coverage.

21. Under ERISA, the Defendant Providence is bound to honor its own contract.

22. Defendant has arbitrarily and capriciously failed and refused to abide by the terms and conditions as stated in its own policy.

**WHEREFORE**, Plaintiff Catharine Rauscher demands judgment against Defendant Provident in the amount of 60% of Plaintiff's gross monthly salary, less applicable offsets, as per the express terms of the Policy, commencing as of September 25, 2018, and continuing thereon until the death of the Plaintiff or the cessation of Plaintiff's total disability, together with costs, interest, attorneys' fees and such other and further relief as this Court deems just and proper.

**Respectfully Submitted,**

**LAW OFFICE OF JAMIE R. HALL**

**DATED: 9/13/2022**

　　/s/_____
**JAMIE R. HALL, ESQUIRE**
NJ Atty. #4512008
Law Office of Jamie R. Hall
110 E. State St., Ste. 12
Kennett Square, PA 19348
(P) (610)570-5253
(F) (215)853-3644
jhall@jrhlegal.com
Attorney for Plaintiff